UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**CHRISTINE N. KNIGHT**,
Plaintiff

-v-

**METROPOLITAN TRANSPORTATION AUTHORITY,
NEW YORK CITY TRANSIT**,
Defendant

Case Number: 19-CV-1428 (PKC) (LB)

**PLAINTIFF'S REVISED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULES 6.3 AND 7.1, RULE 59(E), AND ALTERNATIVELY, RULE 60(B)**

INTRODUCTION

"In accordance with Local Civil Rules 6.3 and 7.1.Plaintiff moves for reconsideration of the Court's Order granting Summary Judgment, pursuant to rule 59(e), or alternatively, Rule 60(b) of the Federal Rules of Civil Procedure."

Plaintiff respectfully moves for reconsideration of the Court's decision granting summary judgment in favor of Defendant. This motion is based on material misrepresentations and fraudulent conduct by Defendant, which directly influenced the Court's ruling. Specifically, Defendant falsely claimed that Plaintiff was AWOL, despite clear documentation indicating that Plaintiff was out sick due to illness, supported by medical evidence. These false statements were central to the Court's decision and were not properly addressed in prior proceedings.

The Defendant's actions were not only misleading but were designed to discredit Plaintiff's sick leave, tarnish her employment record, and deflect attention from the key issues in the lawsuit. By intentionally misrepresenting Plaintiff's absence as AWOL, her promotion qualifications as unqualified, and locking Plaintiff out of her office and denying her access to retrieve her personal property for three weeks after her official retirement date; the Defendant has caused substantial harm to Plaintiff's reputation, employment record, and career.

## BACKGROUND

Plaintiff's supervisor, Mr. J. Balkaran, was notified by text message on January 4, 2021, that Plaintiff was out sick. (*Attachment 1*) Defendant's deliberate misrepresentation that Plaintiff was AWOL, and the willful disregard to their legal obligations, has caused significant emotional, financial, and professional harm to Plaintiff. Defendant disregarded Plaintiff's medical documentation, which was provided by Plaintiff's primary care physician, and given to L. Akselrod, NYCT Labor Relation Department by Plaintiff's then, attorney, L. Armstrong. (*Attachments 2*) Defendant further misrepresented Plaintiff's absence to the Court by brazenly hiding it's possession of the Plaintiff's medical certification and compounding it's egregious, devious and unethical plot to disparage Plaintiff. Defendant's intention was to punish Plaintiff and gain an unfair advantage in the litigation process by the utilization of deception and fraud.

Plaintiff returned to work on Wednesday, January 27, 2021 after being out sick for 16 work days for the purpose of getting her retirement forms signed and packing her personal property, however still remain under her doctor's care. Defendant stopped paying Plaintiff under the false pretext that Plaintiff was AWOL, leaving Plaintiff emotionally and economically shipwrecked, therefore plaintiff had to retire.

On the morning of Plaintiff 's return, Plaintiff was ordered by supervisors, G.Thomas and J. Balkaran to leave work and to go downtown to see Lennard Akselrod, NYCT Labor Relations, one of the master architects of the scam to repackage sick as AWOL. Plaintiff continued packing her office for retirement when supervisors Balkaran called her again and threatened to call security to have her physically removed if she didn't leave the premises. Plaintiff left work after

consulting with her lawyer. Plaintiff and her attorney, Laine Armstrong met with Akselrod on phone conference in the afternoon and informed Akselrod that Plaintiff was not AWOL and was out sick. Attorney Armstrong forwarded doctors letters and retirement forms to Akselrod who agreed to get signed, however he failed to do so. Plaintiff returned to work the following day on Thursday, January 28, 2021 and remained at work from from 6:00 a.m. until approximately 4:00 p.m. packing for retirement. Plaintiff swiped in and out on NYCT's Kronos system on both days. On Thursday, January 28, 2021, after Plaintiff left work after packing for retirement for a full day at work, Defendant illegally changed the lock, locking Plaintiff out of her office after she left work after 4 p.m., to prevent plaintiff from returning to work and blocking her from retrieving all of her personal property. Plaintiff returned to her workplace to retrieve her pack up property with her co-worker, Errol Hunt, *(Attachment 3)* and discovered that her office lock had been changed by Defendant. Defendant's aggression showed towards Plaintiff and was retaliatory against Plaintiff for returning to work and foiled Defendants false claim of AWOL.

Defendant repeatedly claimed that Plaintiff was not qualified for Job Vacancy Notice (JVN) #89556 for the position of Director, Production Planning, SMS, despite the fact that Plaintiff's application was approved by the Human Resources Department. *(Attachment 4)* Defendant's decision to undermine and override its HR policies underscores Defendant's conflicted, biased and prejudice, further highlighting Defendant's misconduct.

## DEFENDANT'S MISREPRESENTATION AND FRAUD

Defendant intentionally misled the Court through false statements, particularly regarding Plaintiff's absence. Defendant falsely claimed that Plaintiff had no communication with NYCT between December 31, and January 27, 2021. However, Defendant acknowledged that Plaintiff's daughter contacted Mr. Balkaran on January 4, 2021 to inform him of Plaintiff's illness. This contradiction undermines Defendant's credibility and mislead the Court into accepting false information.

Additionally, Defendant ignored the findings of its own Human Resources Department, which had determined that Plaintiff was qualified for the Director position, as evidenced by her

successful completion of the pre-screening process. Defendant's failure to acknowledge these facts demonstrates biased and prejudicial treatment of Plaintiff.

## LEGAL STANDARD FOR RECONSIDERATION

Under Rule 60(b)(3) of the Federal Rules of Civil Procedure, a motion for reconsideration may be granted if the movant can demonstrate that the judgment was obtained through fraud, misrepresentation, or other misconduct. In this case, Defendant's false representations regarding Plaintiff's medical leave and absence constitute newly discovered evidence that warrants reconsideration of the Court's decision.

## DEFENDANT'S MISREPRESENTATION

Defendant engaged in a concerted effort to mislead the Court. Specifically, Defendant made the unfounded claim that Plaintiff was AWOL, despite evidence to the contrary. On one hand, Defendant asserted that Plaintiff had no communication with NYCT between December 31, 2020, and January 27, 2021, yet contradicted this by acknowledging that Plaintiff's daughter contacted Mr. Balkaran on January 4, 2021, to inform him of Plaintiff's illness. Defendant's failure to reconcile these contradictory statements undermines the credibility of its claims and misled the Court into accepting false information.

Furthermore, Defendant disregarded the findings of its own Human Resources Department, which had determined that Plaintiff was qualified for the Director position, as evidenced by her passing the pre-screening process. Defendant's refusal to acknowledge this fact further highlights its biased and prejudicial treatment of Plaintiff.

Defendant states: *"Knight had not been in the office for several weeks when the locks on her office were changed on January 28, 2021"*. Para 258 (Hurd Decl., Ex. 1, Knight TR. 354:11-15, 356:9-16). Truth: Plaintiff returned to work on January 27, 2021 and also worked January 28, 2021 from 6am - 4pm. Defendant changed lock after Plaintiff left work on January 28, 2021. Plaintiff returned to the office around 7pm with her co-worker (Errol Hunt) to move her property

and discovered that the Defendant had changed the lock on the office to prevent her from returning to work. Plaintiff swiped in and out on NYCT's Kronos system on both days proving that Plaintiff was at work.

Defendant: *"Knight did not have any communication with anyone at the Transit Authority between December 31, 2020 and January 27, 2021"*. (Def.'s 56.1/244)

Defendant: *"On January 4, 2021, Plaintiff's daughter also emailed Balkaran stating that Plaintiff was sick"*. (Dkt. 109-28)

Defendant: *"Plaintiff did not have a degree in business, engineering, or management science and had never held a management-level position during her employment with NYCTA"*.

## CUMULATIVE EFFECTS OF DEFENDANT'S MANUFACTURED LIES

As a direct result of Defendant's fraudulent actions, Plaintiff has suffered:

- Humiliation and character assassination
- Plaintiff was repeatedly subjected to predatory aggressive harassment during Covid-19 Pandemic by defendant, who tortured and harmed her emotionally and physically by: using tactics as isolation  depraved indifference
- Damage to her 35.5-year clean employment record
- Financial hardship due to the unlawful withholding of salary for the entire month of January 2021
- Emotional distress, including psychological violence, bullying, and mobbing by management
- Seizure of Plaintiff's time bank (vacation, sick days, personal leave Days, and overtime) without justification
- The unjust charging of Plaintiff with "AWOL" by Defendant's counsel and Mr. Lennard Akselrod, NYCT Labor Relations
- Severe emotional and financial distress, leading to forced retirement

- Threatened to be Physically Removed from her office upon return to work 1/27/2021 by Defendant
- Locked out of her office and forbidden to retrieve her property for 3 weeks by Defendant that falsely charged Plaintiff with AWOL.
- Threatened to be physical removed from my office by Defendant, if I didn't leave work
- Criminalized, Reported to NYCT Security, and blocked from entry to work
- Subjected to security guard escort to retrieve her property in 2/2021
- locked out of my office 1/28/2021 and denied access by Defendant
- Publicly humiliated in front of co-workers, and treated like a criminal by Defendant

Defendant's fraudulent actions have slandered Plaintiff and caused significant emotional, Professional and economical harm to Plaintiff.

## IMPACT ON THE COURT'S DECISION

Defendant's false and misleading statements regarding Plaintiff's absence from work directly influenced the Court's conclusion that Plaintiff was negligent, irresponsible, and uncooperative. Had the Court been properly informed of Plaintiff's medical leave and the legitimate reasons for her absence, the outcome of the summary judgment motion would likely have been different.

The Defendant's deliberate mischaracterization of Plaintiff's sick leave and its refusal to acknowledge critical medical documentation misled the Court and contaminated the summary judgment process. As such, Plaintiff respectfully requests that the Court reconsider its decision, as the ruling was influenced by Defendant's unethical conduct.

## PLAINTIFF REQUEST FOR RELIEF

The immediate restoration of Plaintiff's unlawfully withheld salary and accumulated leave balances (vacation days, sick days, personal leave days, holidays, and overtime) with interest from the date it was withheld in January 2021.

Reparation for the pro-rated loss of salary, which directly impacted Plaintiff's pension and Social Security earnings, to be calculated based on Plaintiff's life expectancy.

The denial of Defendants's Bill of Costs, as it is an additional attempt to punish Plaintiff for seeking legal redress.

Plaintiff requests that the Court allow further proceedings to address Defendants fraudulent conduct.

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its decision and reverse the summary judgment granted to Defendant. Alternatively, Plaintiff requests that the Court allow further proceedings to address Defendant's fraudulent misstatements and provide Plaintiff with an opportunity to present her case fully.

## CONCLUSION

Defendant's actions in misleading the Court and misrepresenting the facts have materially affected the fairness of these proceedings. Plaintiff's case deserves a full and fair hearing based on the truth, and justice requires that the Court grant this motion for reconsideration.

Plaintiff respectfully submits this motion for reconsideration, as Defendant's misrepresentations have caused significant harm to Plaintiff, deprived her of a fair trial, and influenced the Court's decision in an unjust manner.

**Respectfully submitted,**


//s// Christine N. Knight

**Attachment List: 14 Pages**

1. Sick Notification/Message To Supervisor Balkaran
2. Doctor's Letters - six doctor's certifications
3. Notarize Letter from Errol Hunt - two pages
4. H.R. Document - Passed Prescreening Document - two Pages
5. Letter to Angerami declaring health risk and accommodations for safety
6. Letter to counsel noting risk and safety concerns
7.. NYCT Covid-19 Letter - Non Essential Employee Status