UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CHRISTINE N. KNIGHT,

                Plaintiff,

      - against -

MTA – NEW YORK CITY TRANSIT,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-1428 (PKC) (SDE)

PAMELA K. CHEN, United States District Judge:

Plaintiff Christine N. Knight, proceeding *pro se*,[1] brought this action against her former employer, Defendant New York City Transit Authority, asserting claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). On September 30, 2024, the Court granted summary judgment to Defendant and dismissed all of Plaintiff's claims (the "Summary Judgment Order"). (Summ. J. Order, Dkt. 116.)[2] Plaintiff appealed to the Second Circuit. (*See* Notice of Appeal, Dkt. 121.) Despite her pending appeal, Plaintiff also filed a motion for partial reconsideration of the Summary Judgment Order with the Court, challenging only the dismissal of her NYCHRL retaliation claim. (*See* Pl.'s Recons. Mot.,

---

[1] Plaintiff has been represented by counsel at times throughout this litigation, but she was proceeding *pro se* when she brought the initial complaint, (*see* Compl., Dkt. 1), and is again proceeding *pro se* now, (*see* 10/28/2024 Dkt. Order (granting motion to withdraw as attorney by Plaintiff's most recent counsel)).

[2] The Summary Judgment Order is reported online at *Knight v. MTA – N.Y.C. Transit*, No. 19-CV-1428 (PKC) (LB), 2024 WL 4350417 (E.D.N.Y. Sep. 30, 2024).

Dkt. 125.)   The parties extensively briefed whether reconsideration should be granted on that claim.[3]

On June 27, 2025, the Court issued a Memorandum & Order providing an indicative ruling pursuant to Federal Rule of Civil Procedure ("Rule") 62.1 (the "Indicative Ruling").  (Indicative Ruling, Dkt. 143.)  The Indicative Ruling stated that, should the Second Circuit remand for this purpose, the Court would grant Plaintiff's motion for reconsideration, which the Court construed as a motion for relief from a final judgment under Rule 60(b)(1),[4] with respect to Plaintiff's NYCHRL retaliation claim.  (*Id.* at 2.)  The Court also stated that it had *sua sponte* determined that it might be appropriate, based on the Court's error of law, to reconsider its dismissal of Plaintiff's NYSHRL retaliation claim and both her NYSHRL and NYCHRL discrimination claims.  (*Id.* at 2–4.)

The Second Circuit remanded on August 15, 2025.  (Order of Remand, Dkt. 145.)  The Court then solicited briefing from the parties on whether the Court should reconsider its dismissal

---

[3] The operative filings are Plaintiff's second and third amended motions for reconsideration and supporting memoranda of law, (Pl.'s Second Am. Mot. for Recons. ("Second Recons. Mot."), Dkt. 133; Pl.'s Mem. Supp. Second Recons. Mot. ("Second Recons. Mem."), Dkt. 133-1; Pl.'s Third Am. Mot. for Recons. ("Third Recons. Mot."), Dkt. 136; Pl.'s Mem. Supp. Third Recons. Mot. ("Third Recons. Mem."), Dkt. 135); Defendant's oppositions, (Def.'s Opp'n Second Recons. Mot. ("Second Recons. Opp'n"), Dkt. 134; Def.'s Opp'n Third Recons. Mot. ("Third Recons. Opp'n"), Dkt. 139); and Plaintiff's replies, (Pl.'s Reply Supp. Second Recons. Mot. ("Second Recons. Reply"), Dkt. 138; Pl.'s Reply Supp. Third Recons. Mot. ("Third Recons. Reply"), Dkt. 141).  Although these are styled as motions for reconsideration and the Court refers to them as such, they are properly considered as motions to vacate pursuant to Rule 60(b).  (*See* Indicative Ruling, Dkt. 143, at 2.)

[4] Throughout Plaintiff's *pro se* briefing, she invokes a variety of different rules that she alleges provide a basis for reconsideration, including Local Civil Rule ("Local Rule") 6.3, (Third Recons. Mem., Dkt. 135, at 1); Local Rule 7.1, (*id.*); Rule 54(b), (Pl.'s Recons. Mot., Dkt. 125, at 1); Rule 59(e), (Third Recons. Mem., Dkt. 135, at 1); Rule 60(b)(3), (*id.* at 4); and Rule 60(b)(6), (Second Recons. Mem., Dkt. 133-1, at 2).  The Court finds Plaintiff's motion to be proper only under Rule 60(b)(1) and therefore does not analyze her arguments regarding these other rules.  (*See* Indicative Ruling, Dkt. 143, at 2.)

of Plaintiff's NYSHRL retaliation claim and her discrimination claims under both statutes.[5] After considering the parties' arguments, the Court grants reconsideration and partially vacates the Summary Judgment Order.

## LEGAL STANDARDS

### I. Rule 60(b)(1)

Rule 60(b)(1) allows a court to "relieve a party . . . from a final judgment" due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). That includes "all mistakes of law made by a judge." *Kemp v. United States*, 596 U.S. 528, 534 (2022); *cf. Edible Arrangements Int'l, Inc. v. Chinsammy*, 446 F. App'x 332, 334–35 (2d Cir. 2011) (summary order) ("A trial court certainly may correct a legal error of its own, prior to or even after entering a final judgment." (collecting cases)). "Properly applied[,] Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "In other words[,] it should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" *Id.* (internal citation omitted) (first quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981); and then citing *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

### II. The NYCHRL and NYSHRL

#### A. Rules of Construction

"For many years," courts in the Second Circuit "construed the NYCHRL to be coextensive with its federal and state counterparts." *Mihalik v. Credit Agricole Cheuvreux N.A., Inc.*, 715 F.3d 102, 108–09 (2d Cir. 2013) (collecting cases). However, in 2005, the New York City Council

---

[5] The Court issued an Order to Show Cause requesting this briefing. (O.S.C., 8/19/2025 Dkt. Order.) Defendant filed a response, (Def.'s O.S.C. Resp., Dkt. 148), and Plaintiff filed a reply, (Pl.'s O.S.C. Reply, Dkt. 151).

3

amended the NYCHRL through the Local Civil Rights Restoration Act of 2005, N.Y.C. Local L. No. 85 (the "Restoration Act"), to require courts to construe NYCHRL claims independently. *See Mihalik*, 715 F.3d at 109 (collecting cases). The Restoration Act "established two new rules of construction." *Id.* "First, it created a 'one-way ratchet,' by which interpretations of state and federal civil rights statutes can serve only 'as a *floor* below which the City's Human Rights law cannot fall.'" *Id.* (citation modified) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009)). "Second, it amended the NYCHRL to require that its provisions 'be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof.'" *Id.* (quoting Restoration Act § 7); *accord* N.Y.C. Admin. Code § 8-130.

The NYSHRL continued to be construed as coextensive with federal law. *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122 (2d Cir. 2024) (explaining that "[t]he NYSHRL historically utilized the same standard as Title VII"); *see, e.g.*, *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) ("The standards for evaluating hostile work environment and retaliation claims are identical under Title VII and the NYSHRL." (citing *Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 n.1 (2d Cir. 2000))). In 2019, however, the NYSHRL was amended "to align with the NYCHRL's more liberal pleading standard." *Qorrolli*, 124 F.4th at 123 (citing N.Y. Exec. Law § 300); *see Syeed v. Bloomberg L.P.*, 211 N.Y.S.3d 819, 822 (2024) (analyzing NYSHRL and NYCHRL claims together); *Allen v. City of New York*, No. 24-2589-CV, 2025 WL 3152723, at *3 n.2 (2d Cir. Nov. 12, 2025) (summary order) ("The 2019 amendment has been interpreted to align prospective constructions of the NYSHRL's standards with the more lenient standards of the NYCHRL." (citing *Wright v. White Plains Hosp. Med. Ctr.*, 232 N.Y.S.3d 594, 595–96 (2d Dep't 2025))).

4

Courts have held that the 2019 NYSHRL amendment does not apply retroactively. *See, e.g.*, *McHenry v. Fox News Network*, 510 F. Supp. 3d 51, 68–69 (S.D.N.Y. 2020) (explaining that the bill amending the NYSHRL "does not contain language indicating that the 2019 amendments were intended to apply retroactively"); *Sosa v. N.Y.C. Dep't of Educ.*, No. 24-1396, 2025 WL 1276123, at *1 n.2 (2d Cir. May 2, 2025) (summary order) (holding that the NYSHRL amendment did not affect the analysis for claims "based on conduct that occurred before" the amendment's effective date of October 11, 2019). Under that standard, NYSHRL claims that accrued prior to October 11, 2019 are analyzed under the stricter federal law standards, while NYSHRL claims that accrued on or after that date are analyzed under a more lenient standard akin to the NYCHRL's. *Compare Sosa*, 2025 WL 1276123, at *1–2 (applying federal law standard to pre-amendment NYSHRL claims), *with Valerio v. Metro. Transp. Auth.*, No. 24-1614, 2025 WL 686028, at *3 (2d Cir. Mar. 4, 2025) (applying more lenient standard to post-amendment NYSHRL claims and analyzing NYCHRL and post-amendment NYSHRL claims together). The Court therefore analyzes Plaintiff's NYCHRL and post-amendment NYSHRL claims "together[,] while recognizing that they are separate and independent claims." *Valerio*, 2025 WL 686028, at *3 (citing *Mihalik*, 715 F.3d at 109); *see also Mumin v. City of New York*, 760 F. Supp. 3d 28, 55 (S.D.N.Y. 2024) ("As the amended NYSHRL adopts the same standard as the NYCHRL, the plaintiff's NYSHRL claims rise and fall with the NYCHRL claims." (citation modified)).

### B. Substantive Standards for Discrimination and Retaliation Claims

To prevail on a disparate-treatment discrimination claim under the NYCHRL, "the plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent." *Mihalik*, 715 F.3d at 110 (citing *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 39 (1st Dep't 2009)). "[T]o prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer

5

engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Id.* at 112 (internal citation omitted) (first citing *Albunio v. City of New York*, 922 N.Y.S.2d 244, 247 (2011); and then citing *Williams*, 872 N.Y.S.2d at 33–34). The standards for discrimination and retaliation under the post-amendment NYSHRL are substantially similar to these NYCHRL standards. *See supra* § II.A; *compare* N.Y. Exec. Law § 296(1)(a), (7) (NYSHRL prohibitions on discrimination and retaliation), *with* N.Y.C. Admin. Code § 8-107(1), (7) (NYCHRL prohibitions on discrimination and retaliation).

A plaintiff does *not* need to show that they suffered a "materially adverse employment action[]" to prevail under either the NYCHRL or the post-amendment NYSHRL. *Mihalik*, 715 F.3d at 114 (citing *Williams*, 872 N.Y.S.2d at 34, 37–39); *Moukdad v. NYU Langone Health Sys.*, No. 25-CV-2939 (ER), 2026 WL 774270, at *6 (S.D.N.Y. Mar. 18, 2026) ("Unlike Title VII, a plaintiff can satisfy the requirements of the [post-amendment] NYSHRL and NYCHRL by showing differential treatment of any degree, and a materially adverse employment action is not required."). Nor does a plaintiff need to show that discriminatory or retaliatory intent was the "but-for" cause of the employer's actions; it is enough to show that the employer's conduct was caused "at least in part" by discriminatory or retaliatory motives. *See Mihalik*, 715 F.3d at 113 (citing *Williams*, 872 N.Y.S.2d at 39–40 & n.27); *Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 411 (2d Cir. 2015) (per curiam) (contrasting the NYCHRL's causation standard, which covers discrimination based on "multiple or mixed motives," with the federal law standard, which requires "but-for causation"). Summary judgment is therefore appropriate for lack of causation only if "'the record establishes as a matter of law' that discrimination *or* retaliation 'played no role' in the defendant's actions." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015) (citation modified) (first quoting *Mihalik*, 715 F.3d at 110 n.8; and then citing *Williams*, 872 N.Y.S.2d at

6

38, 40 n.27). Even a "single comment" could be enough to demonstrate discriminatory or retaliatory intent, such as if the comment was "made in circumstances where that comment would, for example, signal views about the role of [the protected class] in the workplace." *McSweeney v. Cohen*, 776 F. Supp. 3d 200, 271 (S.D.N.Y. 2025) (quoting *Hernandez v. Kaisman*, 957 N.Y.S.2d 53, 59 (1st Dep't 2012)).

## DISCUSSION

As an initial matter, the Court finds no error warranting vacatur[6] with respect to Plaintiff's Title VII and pre-amendment NYSHRL claims, so those claims remain dismissed. (*See generally* Summ. J. Order, Dkt. 116, at 30–58.)[7] The Court also does not disturb its rulings regarding the following issues/events (under Title VII, the NYSHRL, or the NYCHRL):

> (1) The timeliness of Plaintiff's claims, (Summ. J. Order, Dkt. 116, at 26–29), except that the Court clarifies that Plaintiff may rely on otherwise time-barred events as background evidence to support her remaining timely claims, *see Mitchell v. Planned Parenthood of Greater N.Y.*, 745 F. Supp. 3d 68, 87–88 (S.D.N.Y. 2024) (explaining that "untimely events may be used 'as background evidence in support of a timely claim'" (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)));
>
> (2) Plaintiff's failure-to-promote claims, which the Court properly dismissed because they were untimely, (Summ. J. Order, Dkt. 116, at 26–29), or because

---

[6] Although neither party raises this issue, the Court notes that the Supreme Court's decision in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024), clarified the standard for what constitutes an adverse action under Title VII (and, by extension, the pre-amendment NYSHRL), *see id.* at 354–55, and the Court erroneously applied the higher, pre-*Muldrow* standard to conclude that several of Plaintiff's alleged adverse actions were insufficient to establish Title VII or NYSHRL discrimination, (*see* Summ. J. Order, Dkt. 116, at 42–47). However, this error was harmless and does not warrant vacatur under Rule 60(b)(1) because, as described in a subsequent section of the Summary Judgment Order, there was also insufficient evidence in the record that those events were motivated by discriminatory intent, which would have been an independently sufficient ground for the Court to grant summary judgment on those claims under Title VII and the pre-amendment NYSHRL. (*See id.* at 51.)

[7] Despite the dismissal of Plaintiff's federal claims, the Court exercises supplemental jurisdiction over the remaining NYSHRL and NYCHRL claims. (*See* Indicative Ruling, Dkt. 143, at 3 n.2.)

Defendant proffered legitimate and non-discriminatory reasons for the promotion decisions that establish as a matter of law that the decisions were not discriminatory, (*id.* at 32–33); *see also Mihalik*, 715 F.3d at 110 n.8 (explaining that even under the NYCHRL's less demanding standard, an employer is entitled to summary judgment if the record establishes as a matter of law that discrimination played no role in its actions); and

(3) Plaintiff's pay discrimination claims based on her base salary, which the Court properly dismissed because Plaintiff did not put forth sufficient evidence to show that she was, in fact, underpaid, (Summ. J. Order, Dkt. 116, at 35–38).[8]

However, the Summary Judgment Order erred in two ways that warrant reconsideration. First, the Court dismissed Plaintiff's NYSHRL claims, including those that accrued after the NYSHRL's 2019 amendment, based on the stricter federal law standards that apply to Title VII claims. (*See generally* Summ. J. Order, Dkt. 116, at 29–59.) The Court erred by not analyzing Plaintiff's post-amendment NYSHRL claims under the same liberal standards that, as discussed above, apply to the NYCHRL. *See Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 275 (S.D.N.Y. 2024) ("Because this case involves conduct alleged to have occurred before and after the effective date of the NYSHRL Amendments, two different standards must be used to analyze Plaintiff's claims . . . .").

Second, the Court dismissed Plaintiff's NYCHRL claims based on its conclusion that "Plaintiff ha[d] not shown that she was treated less well because of a discriminatory [or retaliatory] motive," as the Court had "discussed throughout" the Summary Judgment Order. (Summ. J. Order, Dkt. 116, at 60.) That, too, was error. While the Summary Judgment Order properly concluded that there was insufficient evidence of causation/intent under the heightened Title VII and pre-

---

[8] The Court noted that there was one purported discrepancy in September 2014 where it appeared that Plaintiff might not have received the predetermined salary increase to which she was entitled. (Summ. J. Order, Dkt. 116, at 37 n.19.) However, there is insufficient evidence that this discrepancy was motivated, even in part, by discrimination, and the Court did not err by dismissing any pay discrimination claim based on this discrepancy. (*See id.*)

8

amendment NYSHRL standards, the Court must separately evaluate that evidence under the more liberal NYCHRL and post-amendment NYSHRL standards. And under those standards, the evidence is sufficient—albeit barely—to establish the requisite intent.

As to discrimination, there are at least two pieces of evidence that the Court finds support Plaintiff's claim that she was treated less well *because of* her race or gender. First, Plaintiff claims that she and all of the other Black analysts in her group were assigned to work for the same supervisor between mid-2014 and November 2019, and that supervisor was also Black. (*See* Summ. J. Order, Dkt. 116, at 7.) The Court acknowledged that "assigning all Black employees to a Black supervisor *could* give rise to an inference of discrimination," (*id.* at 40), and while that inference is too attenuated under the Title VII and pre-amendment NYSHRL standards given other circumstances here, (*see id.*), it is sufficient under the NYCHRL and post-amendment NYSHRL standard.[9]  Second, Plaintiff claims that Jai Balkaran, who was Plaintiff's supervisor from November 2019 through 2021, made a comment to her around October 2020 "about a 'Tyler Perry movie about an angry [B]lack woman,'" which Plaintiff "decoded" as a reference to herself. (*Id.* at 21 (quoting Knight Dep. Tr., Dkt. 109-61, at 220:17–221:8).) As to retaliation, there is also evidence that supports Plaintiff's claim that Defendant's conduct was motivated by retaliatory animus. Specifically, during the same October 2020 conversation, Balkaran asked Plaintiff, "If you had [to do it] over, would you still sue transit?" (*Id.* (quoting Knight Dep. Tr., Dkt. 109-61,

---

[9] Although Plaintiff's assignment to this group *began* in 2014, i.e., before the NYSHRL's 2019 amendment, the Court finds it appropriate to consider the assignment in its analysis of Plaintiff's post-amendment NYSHRL claims because: (1) the alleged segregation *continued* through November 2019, *cf. Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74, 87–88 (2d Cir. 2024) (explaining that claims based on continuing violations "accrue and reaccrue with each successive act that is part of the singular unlawful practice"); and (2) the assignment provides relevant background evidence regarding discriminatory intent, and the Court must evaluate her post-amendment NYSHRL claims by considering the "totality of the circumstances," *see Mihalik*, 715 F.3d at 111 (quoting *Hernandez*, 957 N.Y.S.2d at 59) (describing NYCHRL standard).

at 216:14–21).)  Based on this evidence, the Court cannot say as a matter of law that discrimination or retaliation played *no role* in Defendant's actions, and summary judgment was therefore unwarranted.  *See Ya-Chen Chen*, 805 F.3d at 76.

Plaintiff has also put forth sufficient evidence to raise a genuine dispute of material fact over whether Defendant treated her "less well" (as required for her discrimination claims) or engaged in conduct that is reasonably likely to deter employees from opposing discrimination (as required for her retaliation claims).  (*See* Summ. J. Order, Dkt. 116, at 21 (Balkaran's statements to Plaintiff in October 2020, as described above); *id.* at 38 (being denied overtime opportunities); *id.* at 39 (not being paid for overtime worked in 2017 and December 2019); *id.* at 42, 44 (being marked AWOL while out sick in 2018, 2019, and 2021); *id.* at 42 (being subject to OATH[10] disciplinary charges).)  Finally, it is undisputed that Plaintiff took actions opposing what she perceived as her employer's discrimination (as required for her retaliation claims), including by filing this lawsuit in March 2019 and litigating it actively through the end of her employment in 2021.  (*See id.* at 22 (describing Plaintiff's various actions taken to oppose perceived discrimination).)

In sum, although the evidence supporting Plaintiff's claims is thin, it is just enough to withstand summary judgment under the NYCHRL and post-amendment NYSHRL.  Based on the Court's legal error, the Court finds extraordinary circumstances sufficient to warrant partial vacatur of the Summary Judgment Order under Rule 60(b)(1).  Plaintiff's NYCHRL and post-

---

[10] "OATH" is the Office of Administrative Trials and Hearings for the City of New York. *See About OATH*, N.Y.C. Off. of Admin. Trials & Hearings, https://www.nyc.gov/site/oath/about/about-oath.page [https://perma.cc/F54S-KRKD] (last visited Mar. 30, 2026).

amendment NYSHRL discrimination and retaliation claims shall proceed, including Plaintiff's

claims for harassment/hostile work environment and constructive discharge.[11]

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration, (Dkt. 133), is granted.

Pursuant to Rule 60(b)(1), the Court's Summary Judgment Order, (Dkt. 116), is vacated in part.

The Court denies summary judgment on the following claims:

- Plaintiff's NYCHRL discrimination claim;

- Plaintiff's NYCHRL retaliation claim;

- Plaintiff's NYSHRL discrimination claim based on alleged discriminatory conduct that occurred on or after October 11, 2019;

---

[11] The Court notes that the NYCHRL does not recognize a separate cause of action for a "hostile work environment," or for constructive discharge, which is a claim based on a hostile work environment. *See McSweeney*, 776 F. Supp. 3d at 262–63 ("Under the NYCHRL, . . . there is no distinction between a claim premised on the creation of a hostile work environment (a species of harassment claim) and one premised on unlawful discrimination." (quoting *Rothbein v. City of New York*, No. 18-CV-5106 (VEC), 2019 WL 977878, at *9 (S.D.N.Y. Feb. 28, 2019))); *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 261 (E.D.N.Y. 2012) ("Hostile work environment claims are analyzed under the same provision of the NYCHRL as discrimination claims." (citing *Williams*, 872 N.Y.S.2d at 37)), *aff'd*,713 F.3d 163 (2d Cir. 2013). Rather, Plaintiff's hostile work environment and constructive discharge allegations under the NYCHRL are properly considered as part of her discrimination and retaliation claims. *See, e.g.*, *Sotomayor*, 862 F. Supp. 2d at 261–62 (considering NYCHRL hostile work environment claim based on alleged discrimination as part of NYCHRL discrimination claim); *Bacchus v. N.Y.C. Dep't of Educ.*, 137 F. Supp. 3d 214, 246–47 (E.D.N.Y. 2015) (considering NYCHRL hostile work environment claim based on alleged retaliation as part of NYCHRL retaliation claim).

Under the NYSHRL, however, there is a separate prohibition on "harassment" in addition to the prohibitions on discrimination and retaliation. *See* N.Y. Exec. Law § 296(1)(h). Plaintiff's operative complaint does not list this cause of action separately but signals that she intends to bring a claim for harassment under the NYSHRL. (*See* Third Am. Compl., Dkt. 71, ¶ 170 (alleging that Defendant "discriminated against, harassed, and subjected Plaintiff to a hostile work environment" under the NYSHRL).) The Court construes the complaint as bringing an NYSHRL harassment claim, and, because the alleged harassment is based on the same allegations as Plaintiff's discrimination and retaliation claims, that claim survives summary judgment for the reasons described above.

- Plaintiff's NYSHRL retaliation claim based on alleged retaliatory conduct that occurred on or after October 11, 2019; and

- Plaintiff's NYSHRL harassment claim based on alleged discriminatory or retaliatory conduct that occurred on or after October 11, 2019.

Those claims will proceed to trial. The Clerk of Court is respectfully directed vacate the Clerk's Judgment, (Dkt. 117), and re-open this case.

The parties are ordered to confer and, by sixty (60) days from this Memorandum & Order, submit a proposed joint pretrial order in accordance with the Court's Individual Rule 4(A).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 31, 2026
Brooklyn, New York

12